## AMASA STETSON vs. EBENEZER FRENCH & al.

The petitioner conveyed to the respondents, by deed of warranty, a parcel of land described, including within the limits that whereof he now prays partition, " reserving and providing for the keeping open and extending to *low water* Poplar Street, and *Washington Street*, said streets to be for the future disposition of the parties to this deed in such manner as may hereafter be mutually agreed on by them." An extension of those streets to low water mark would cover all the land described in the petition, of which one undivided half is claimed in fee. *It was held*, that the fee in the whole land passed by the deed, and that an easement only in this part of it was reserved to the grantor.

THE case came before the Court on a statement of facts. The petitioner claimed the fee of an undivided half of the land de-

scribed in the petition. The respondents contended, that the land was conveyed by the petitioner to them in fee, and that an ease-ment only was reserved to himself. The material parts of the deed are given in the opinion of the Court. If *Poplar* and *Washington Streets* are continued to "low water," those streets will cover the whole of the land described in the petition.

*E. Brown,* for the petitioner, argued, that a mere easement in this land passed to the respondents, but that the fee remained in the petitioner; and cited *Mitchell* v. *Starbuck,* 10 *Mass. R.* 5.

*Moody,* for the respondents, contended, that the deed conveys the entire fee in the land covered by the description, and that the words of the grant were clear, definite, and unambiguous. The grantor reserves to himself a mere easement, in the land described in the petition. He cited 3 *Mass. R.* 352; 4 *Mass. R.* 205; 5 *Mass. R.* 411; 3 *Greenl.* 473; 11 *Mass. R.* 163; 1 *Pick.* 295; 11 *Pick.* 157; 4 *Dallas,* 347; 4 *Wheeler's Ab.* 254; 3 *T. R.* 370; 8 *T. R.* 394; 1 *Pick.* 478; 4 *Pick.* 54; 3 *Greenl.* 283; 1 *Shep.* 31; 13 *Mass. R.* 258.

The opinion of the Court was by

EMERY J. — According to the agreement of the parties, the right of the petitioner to partition depends on the legal construc-tion of his deed, executed on the 12th of *July,* 1831, to *Ebenezer French, George S. French,* and *Frederick F. French,* " of all the petitioner's right, title and interest in and to one undivided half of a certain parcel of land in said *Bangor, viz.* the land on *Kenduskeag* point, which lies west of water lot, No. 27, and south of water lot, No. 26, *as laid down on a plan of said point made by Charles Bulfinch, reserving and providing for the keeping open and ex-tending to low water Poplar Street and Washington Street as laid down on said plan; said streets to be for the future disposition of the parties to this deed in such manner as may hereafter be mu-tually agreed on by them,* also, one undivided half of two lots of land, situate on said point in said *Bangor,* being water lot, Nos. 27 and 28, as laid down on said plan."

The petitioner claims partition of a lot of land in *Bangor,* com-mencing at the southerly line of *Washington Street,* at the north-

westerly corner of water lot, No. 28, thence westerly, by and on the southerly line of said *Washington Street*, extended fifty feet, thence at right angles, southerly to *Penobscot River*, thence easterly by and on said *Penobscot River*, to the westerly line of said water lot No. 27, thence northerly, by and on the westerly line of said water lot, No. 27, to the place of beginning. In his petition, he alleges, that he is seized in fee simple of one undivided half of the premises.

In our judgment, the petitioner by his deed divested himself of the fee in one undivided half of the premises, *and by his warranty*, must be considered as reserving *and providing for the keeping open and extending to low water Poplar and Washington Streets as laid down on said plan*, and that he is not entitled to partition in the manner he has prayed, *unless he shows that it is agreeable to the parties to the deed, their heirs or assigns.* They have an interest in the property to be kept for the purpose designated in the deed, and the petitioner has only an easement according to his contract.

The petitioner can take nothing by his petition. As the parties have agreed, it must be dismissed, and the respondents recover their costs.